1  JEANE HAMILTON (CA State Bar No. 157834)
   DAVID J. WARD (CA State Bar No. 239504)
2  RICHARD B. COHEN (CA State Bar No. 79601)

3     Department of Justice, Antitrust Division
      450 Golden Gate Avenue, Box 36055
4     San Francisco, California 94102
      Telephone: (415) 436-6660
5     Facsimile: (415) 436-6687
      E-Mail: Jeane.Hamilton@usdoj.gov
6
   Attorneys for the United States
7

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11                                          )
   UNITED STATES OF AMERICA,                )
12                                          )   Case No. CR 07-0765 MHP
                  Plaintiff,                )
13                                          )   **MEMORANDUM IN SUPPORT**
                       v.                   )   **OF UNITED STATES' MOTION**
14                                          )   **FOR AN ORDER GRANTING**
   MENDEL BEKER,                            )   **LIMITED DISCLOSURE AND**
15     a.k.a. Mikhail Lvovich,              )   **PROTECTION OF GRAND JURY**
       a.k.a. Michael Beker,                )   **MATERIALS**
16 ARIE PRILIK and                          )
   NEWCON INTERNATIONAL LTD.                )
17                                          )
                  Defendants.               )
18 _____)

19          A grand jury in the Northern District of California returned an Indictment in the

20 matter of <u>United States v. Mendel Beker, et. al.</u> (CR-07-0765 MHP).  FED.R.CRIM.P.

21 6(e)(2) provides a general rule of grand jury secrecy for "matters occurring before the

22 grand jury," but FED.R.CRIM.P. 6(e)(3)(E)(i) permits the court to authorize disclosure "at a

23 time, in a manner, and subject to any other conditions . . . preliminarily to or in connection

24 with a judicial proceeding."  Under this rule, a party seeking disclosure must show with

25 particularity that the "need for disclosure is greater than the need for continued secrecy."

26 <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418, 443 (1983), <u>quoting Douglas Oil Co.</u>

27 <u>v. Petrol Stops Northwest</u>, 441 U.S. 211, 222-23 (1979).

28          Disclosure of grand jury materials for purposes of the trial in this case is necessary

U.S. MEMO RE: 6(e) DISCL: 07-0765 MHP - Page 1

1  to allow: (1) the defendants to obtain Rule 16 materials; (2) all parties to obtain the
2  assistance of consultants, contractors, and subcontractors in preparing their cases for trial;
3  and (3) all parties to disclose to prospective witnesses documents in preparation for trial.
4      In directing such a disclosure, the Court may impose protective limitations on the
5  use of disclosed materials. <u>Douglas Oil</u>, 441 U.S. at 223. The United States requests that
6  the Court limit defense counsel's use of the grand jury materials to preparation for or use at
7  trial and to forbid defense counsel from making further disclosure of the grand jury material
8  for purposes unrelated to this trial. Such a limitation is necessary here to comply with Rule
9  6(e)'s requirement of grand jury secrecy.
10      Accordingly, the requested order permits disclosure necessary for the parties to
11  prepare for trial, but protects the material from additional disclosure which could frustrate
12  the broad societal interest in grand jury secrecy.
13  DATED: February 24, 2010        Respectfully submitted,
14
15  _____/s/_____
    Jeane Hamilton
    Attorney
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. MEMO RE: 6(e) DISCL: 07-0765 MHP - Page 2